WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Timothy R Byrnes, et al.,

     Plaintiffs,

v.

American Family Mutual Insurance Company SI,

     Defendant.

No. CV-26-00981-PHX-DWL

ORDER

A matter requiring the Court's attention is the existence of LD Seven Trust as a party to this action. Arizona law governs this issue. *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, 2009 WL 5184902, \*3 (D. Ariz. 2009) ("[S]ince the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued is governed by Arizona law, the state in which this Court sits."). In general, a trust "lack[s] the capacity to sue or be sued under Arizona law." *Id.* at \*4; *see also* 76 Am. Jur. 2d Trusts § 601 ("At common law, a trust cannot sue or be sued because it is not a juristic person. In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property. Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, 2019 WL 2394259, \*2 (Ariz. Ct. App. 2019), *review denied* (2019) (unpublished) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought

by or against its trustee."). A common-law trust cannot sue in its own name—such a suit must be brought by its trustee.

There is a narrow exception—a business trust may sue and be sued in its own name. *See, e.g.*, *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, *3 (Ariz. Ct. App. 2017) (unpublished). *Cf. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (holding Maryland real estate investment trusts to be unincorporated entities that can sue or be sued in their organizational names). Thus, it is likely that LD Seven Trust must be dropped as a party to this lawsuit and its trustee added in its place, unless LD Seven Trust can establish that it qualifies as a business trust under Arizona law.

Accordingly,

**IT IS ORDERED** that by May 8, 2026, Plaintiffs shall file either (1) an amended complaint, dropping LD Seven Trust as a party and adding its trustee as a party (in which case, jurisdictional facts about the trustee must be pleaded) or (2) a memorandum establishing that LD Seven Trust is a business trust under Arizona law.

Dated this 23rd day of April, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -